UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
CASE NO. 1:22-CV-007

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION,<br><br>                      Plaintiff,<br>v.<br><br>Liquidia Technologies, Inc. and Robert Roscigno,<br><br>                      Defendants. | **FIRST AMENDED COMPLAINT** |

Plaintiff United Therapeutics Corporation ("UTC") brings this First Amended Complaint against Defendants Liquidia Technologies, Inc. ( "Liquidia") and Robert Roscigno ("Dr. Roscigno") (together with Liquidia, the "Defendants") for misappropriation of trade secrets under North Carolina law, statutory unfair competition under North Carolina law, and conversion under North Carolina law, and seeks remedy for the full scope of the harm caused by Defendants' actions, including an injunction restraining Defendants from obtaining any benefit from the misappropriated information.

This action originally was filed on December 10, 2021, in Durham County Superior Court as action number 21-CVS-4094, and, by Order of the Chief Justice of North Carolina dated December 13, 2021, was designated as a mandatory complex business case and assigned to the North Carolina Business Court. It was removed by Defendant Roscigno on January 7, 2022. (ECF No. 1.) The sole basis for removal was UTC's claim in its initial Complaint under the federal Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 *et seq*.

(*Id.*)  In this First Amended Complaint, UTC has removed its federal trade secret misappropriation claim, such that the First Amended Complaint contains three purely state law claims.  Because there is no federal question remaining in this litigation (and no diversity jurisdiction), the Court should remand this case to the North Carolina General Court of Justice, Superior Court Division, Durham County, where it was designated by the Chief Justice of North Carolina as a mandatory complex business case and assigned to the North Carolina Business Court.  (*See Enochs v. Blue Cross & Blue Shield of N. Carolina*, 2017 WL 11553125, at *2 (M.D.N.C. July 21, 2017) (remanding case to state court after plaintiff's amendment of complaint removed sole basis for federal question jurisdiction, the only justification for removal) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-51 (1988))).

## NATURE OF THE ACTION

1.     This is an action for misappropriation of trade secrets under the North Carolina Trade Secrets Protection Act, N.C. Gen. Stat. §§66-152 *et seq.*; for unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1; and for conversion under North Carolina common law.

2.     These claims arise out of Dr. Roscigno's work as an executive for United Therapeutics Corporation and subsidiary Lung Rx, Inc. ("Lung Rx"), including his work developing drugs, including Tyvaso® and Remodulin®.  After Dr. Roscigno left UTC, he eventually went to work for a direct competitor, Defendant Liquidia, which employed Dr. Roscigno as a Senior Vice President, Product Development.  There, Dr. Roscigno was

instrumental in pushing Liquidia's development of products intended to compete directly with Tyvaso® (treprostinil) Inhalation Solution and Remodulin® (treprostinil) Injection through clinical trials and in Liquidia's regulatory submissions to the FDA.

3. UTC learned years after the fact that Dr. Roscigno improperly took UTC trade secret and confidential information key to the development of Tyvaso® and Remodulin® to Liquidia, which, upon information and belief, gave Liquidia an unfair advantage in its development of competing versions of these substances enabling Liquidia to bring them to market before Liquidia otherwise would have been in position to do so.

4. In this lawsuit, UTC asks the Court to remedy this wrongful misappropriation and conduct by award of injunctive relief to restrain all improper benefit from the misappropriation and to prevent irreparable harm, and to award damages for injury caused by the misconduct of Defendants.

**PARTIES**

5. UTC is a public benefit corporation organized and existing under the laws of the State of Delaware and having a place of business at 55 T.W. Alexander Drive, Research Triangle Park, North Carolina 27709.

6. Upon information and belief, Liquidia Technologies, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a registered office at 2626 Glenwood Ave., Suite 550, Raleigh, North Carolina 27608, and a principal place of business at 419 Davis Drive, Suite 100, Morrisville, North Carolina 27560.

3

7. Upon information and belief, Dr. Robert Roscigno was employed by Liquidia as recently as July 2020, and is currently residing within the United States.

**JURISDICTION AND VENUE**

8. Durham County Superior Court has subject matter jurisdiction over this matter under N.C. Gen. Stat. §§ 7A-240 and 7A-243, personal jurisdiction over Defendants under N.C. Gen. Stat. § 1-75.4, and venue is proper under N.C. Gen. Stat. § 1-82.

9. Defendant Roscigno removed this case to this Court on the grounds that UTC's federal trade secret misappropriation claim in its initial Complaint created federal question jurisdiction pursuant to 28 U.S.C. §§ 1331.

**FACTUAL ALLEGATIONS**

10. UTC is a biotech company focused on the development and commercialization of products designed to address the needs of patients with chronic and life-threatening conditions. UTC continues to research and develop treatments for cardiovascular and pulmonary diseases, pediatric cancers, and other orphan diseases. UTC is working on path-breaking cures and therapies, including development of a limitless supply of transplantable organs, for the betterment of humanity.

11. Dr. Roscigno was employed by UTC or its subsidiary Lung Rx, Inc. from 1997−2007. By 2003, Dr. Roscigno was tasked with leading the company's development of inhaled and injection-based treprostinil treatments for pulmonary hypertension, including pulmonary arterial hypertension (PAH). The inhaled treprostinil treatment

4

ultimately was and is marketed under the brand name Tyvaso®. The injection-based treprostinil treatment ultimately was and is marketed under the brand name Remodulin®.

12. Dr. Roscigno was deeply involved in clinical development efforts to bring Tyvaso® and Remodulin® to market, and was specifically tasked with, among other responsibilities, participating in protocol design for clinical studies and coordinating development of UTC's treprostinil program, which formed the basis of the FDA's approval of UTC's new drug applications for Tyvaso® and Remodulin®.

13. During this work with UTC and Lung Rx, Dr. Roscigno was exposed to and had access to significant amounts of UTC's confidential information and trade secrets, including: detailed competitively sensitive financial projections and lifecycle management planning for UTC's clinical and research programs; specific know-how regarding obtaining FDA approval for treprostinil sodium drug products indicated for treatment of PAH, including specific methodologies for demonstrating adequate safety data and strategies for how to preempt FDA concerns based on template(s) of UTC's submissions; and non-public subject matter that is the intellectual property of UTC. This confidential and trade secret information is the property of UTC. It was and remains key to the successful development of Tyvaso® and Remodulin®. Dr. Roscigno's misappropriation of it, and transfer and subsequent use of this confidential and trade secret information by him, and, upon information and belief, by Liquidia, constituted a violation of UTC's property rights, Dr. Roscigno's obligations to UTC, as well as Dr. Roscigno's contractual obligations owed to UTC, which were memorialized in his employment agreements.

5

14. Upon information and belief, Dr. Roscigno left UTC or Lung Rx in June 2007, and later joined competitor Liquidia as Senior Vice President, Product Development, where he was instrumental in pushing Liquidia's drug development, including but not limited to Liquidia's version of Tyvaso®. These efforts, it turns out, upon information and belief, improperly benefited from the confidential and trade secrets information that Dr. Roscigno misappropriated from UTC and which he carried with him to Liquidia.

15. Near the end of the fact discovery period in Hatch-Waxman litigation between UTC and Liquidia currently pending in the United States District Court for the District of Delaware, UTC discovered documents produced by Liquidia containing UTC's confidential information and trade secrets that were taken by Dr. Roscigno and given by him to Liquidia. UTC filed a motion to amend its complaint to add trade secret and unfair competition claims in that litigation, but UTC's motion was denied because the court determined that it would be "virtually impossible" to add new claims and a new defendant only four months before trial was scheduled to commence on March 28, 2022. *See* Order Denying Pl.'s Mot. for Leave to File Second Am. Compl. at 2, *United Therapeutics Corp. v. Liquidia Techs., Inc.*, 1:20-cv-00755-RGA-JLH (D. Del. Nov. 11, 2021), ECF No. 238. The court also determined that UTC would not be prejudiced by filing a separate action to bring these claims, which he determined did not overlap substantially with the patent claims in that matter. *Id.* n.1.

6

16. Based upon information and belief, the documents and information taken by Dr. Roscigno provided a competitive advantage in developing, testing, and seeking approval for Liquidia's products intended to compete directly with UTC's products. These documents include UTC's confidential and competitively sensitive detailed financial records and forecasts, UTC's confidential regulatory submissions and correspondences, and UTC's confidential and trade secret information regarding drug development and approval efforts, strategies, and confidential protocol developments. On information and belief, Defendants used UTC's confidential and trade secret information to shortcut their own development and approval processes.

17. UTC made reasonable efforts to maintain the secrecy of their trade secrets by use of a number of measures, including employing intellectual property rights, confidentiality, and non-competition provisions in employment agreements with those exposed to confidential and trade secret information, not publishing certain documents and information publicly to retain their confidentiality and trade secret status, marking documents as "confidential," and reasonably restricting access to confidential, strategic, intellectual property, and trade secret information.

18. UTC is continuing to investigate Dr. Roscigno's and Liquidia's breach of UTC's confidential and trade secret information and related breaches and violations. Accordingly, UTC's investigation into the scope of Dr. Roscigno and Liquidia's misappropriation of UTC's confidential and trade secret information and related breaches and violations is ongoing, and UTC reserves the right to further supplement this pleading.

# FIRST CAUSE OF ACTION: MISAPPROPRIATION OF TRADE SECRETS
## UNDER N.C. Gen. Stat. §§ 66-152 *et seq.*
### (All Defendants)

19. The allegations in the preceding paragraphs are incorporated by reference as if restated fully herein.

20. UTC is the owner of the information, including the confidential and trade secret information, that constitutes its trade secret information pursuant to the North Carolina Trade Secrets Protection Act, N.C. Gen. Stat. §§ 66-152 et seq.

21. UTC made reasonable efforts to maintain the secrecy of its trade secrets by use of several measures including employing confidentiality, intellectual property, and non-competition provisions in their employment agreements, providing clauses in employment agreements specifically delineating that UTC retains the right to its trade secrets, not publishing certain information and documents to retain their confidentiality, marking documents as "confidential," and reasonably restricting access to confidential and trade secret information.

22. Dr. Roscigno and Liquidia possessed UTC trade secrets including business and technical documents including product development documents, confidential clinical trial documentation, and confidential budget documents, among others, which were kept confidential and which were subject to efforts from UTC to maintain their secrecy and which provided value to UTC.

23. Dr. Roscigno's and Liquidia's use, transfer, disclosure, and exploitation of information owned by UTC and constituting its trade secret information as described herein

constitutes misappropriation of UTC's trade secrets in violation of the North Carolina Trade Secrets Protection Act. Such misappropriation was and continues to be intentional, willful, and malicious.

24. This misappropriation, use and benefit from UTC's trade secrets is ongoing.

25. Pursuant to N.C. Gen. Stat. § 66-154(a), Defendants should be preliminarily and permanently enjoined from any actual or threatened misappropriation of UTC's trade secrets and confidential information and enjoined from any benefit from that information to eliminate any inequitable or unjust advantage arising from Defendants' misappropriation, including but not limited to injunctive relief preventing or postponing commercial release by Liquidia of any intended product to compete directly with Tyvaso®.

26. Pursuant to N.C. Gen. Stat. § 66-154(b), UTC is entitled to recover its economic loss caused by Defendants' misappropriations, or Liquidia's unjust enrichment caused by Defendants' misappropriations, whichever is greater, and both of which are in an amount in excess of $25,000.

27. Pursuant to N.C. Gen. Stat. § 66-154(c), UTC is entitled to recover punitive damages.

28. Pursuant to N.C. Gen. Stat. § 66-154(d), UTC is entitled to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION: UNFAIR OR DECEPTIVE TRADE PRACTICES UNDER N.C. Gen. Stat. § 75-1.1
### (Liquidia)

29. The allegations in the preceding paragraphs are incorporated by reference as if restated fully herein.

30. Liquidia's actions as described in this complaint, including, but not limited to, the willful and malicious misappropriation of UTC's confidential information and trade secrets, constitute unfair or deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1.

31. Liquidia's misappropriation of UTC's trade secret and confidential information has been, and will continue to be, substantially injurious to and on UTC's own business practice.

32. Liquidia's acts as described herein are in or affecting interstate commerce.

33. Due to Liquidia's unfair and deceptive trade practices, UTC is entitled to injunctive relief preventing any wrongful benefit and irreparable harm, including but not limited to injunctive relief preventing or postponing commercial release by Liquidia of its intended product to compete directly with Tyvaso®.

34. UTC has been and continues to be damaged in an amount in excess of $25,000 and is entitled to recover its economic losses.

35. Pursuant to N.C. Gen. Stat. § 75-16, UTC is entitled to trebling of its actual damages.

36. Pursuant to N.C. Gen. Stat. § 75-16.1, UTC is entitled to reasonable attorneys' fees.

### THIRD CAUSE OF ACTION: CONVERSION
### (All Defendants)

37. The allegations in the preceding paragraphs are incorporated by reference as if restated fully herein.

38. UTC is the lawful owner of information constituting its confidential information and trade secrets, including but not limited to the information described in the preceding paragraphs.

39. UTC's confidential information and trade secrets hold independent value and are not merely a business opportunity or expectancy interest.

40. Dr. Roscigno intentionally and without express or implied authorization took and/or retained UTC's confidential information and trade secrets and exercised control over that property by saving it in his own personal files and/or providing it to his subsequent employer, Liquidia, for his and Liquidia's use and benefit.

41. This unauthorized assumption and exercise of the right of ownership over UTC's confidential information and trade secrets has altered its condition, rendering it less valuable.

42. Upon information and belief, in converting UTC's confidential information and allowing Liquidia to use it, Dr. Roscigno acted as the agent of Liquidia, and therefore Liquidia is liable for those acts and the damages accruing therefrom.

43. Defendants' conversion of UTC's confidential information and trade secrets has proximately caused and continues to proximately cause substantial injury to UTC.

44. Defendants' conversion of UTC's intellectual property has also caused and will continue to cause UTC to suffer irreparable harm that cannot adequately be remedied with money damages. Therefore, UTC is entitled to preliminary and permanent injunctive relief preventing any improper benefit and irreparable harm, including but not limited to injunctive relief preventing or postponing commercial release by Liquidia of any intended product to compete directly with Tyvaso®.

45. UTC has been and continues to be damaged in an amount in excess of $25,000 and is entitled to recover its economic losses.

## PRAYER FOR RELIEF

WHEREFORE, UTC prays for relief as follows:

1. That Defendants be preliminarily and permanently enjoined from: (i) copying, sharing, disclosing, or using in any way any trade secrets or confidential information of UTC; and (ii) from any improper benefit from the misappropriated information to prevent irreparable harm, including being restrained from commercially releasing any product intended to compete directly with Tyvaso®.

2. That UTC have and recover from Defendants compensatory damages in an amount to be proven at trial, which will be in excess of $25,000.

3. That the damages awarded to UTC be trebled pursuant to N.C. Gen. Stat. § 75-16.

4. That punitive damages be awarded to UTC pursuant to N.C. Gen. Stat. § 66-154(c).

5. That UTC's reasonable attorneys' fees be allowed by the Court, pursuant to N.C. Gen. Stat. § 66-154(d), § 75-16.1, and/or any relevant law that permits an award of attorneys' fees.

6. That the costs of this action, including interest from the date this action was commenced, be taxed against Defendants; and

7. That UTC have such other and further relief as the Court deems appropriate.

This the 10th day of January, 2022.

SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, L.L.P.

/s/ Christopher G. Smith
Christopher G. Smith
North Carolina State Bar No. 22767
Post Office Box 2611
Raleigh, North Carolina 27602-2611
Telephone: (919) 821-1220
Facsimile: (919) 821-6800
Email: csmith@smithlaw.com
*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed with the Court using the CM/ECF system, which will send a notice of filing to counsel of record, and will also be served by U.S. Mail, first class postage pre-paid, addressed as follows:

Mark E. Anderson
McGuireWoods LLP
501 Fayetteville St., Suite 550
Raleigh, NC 27601
*Attorneys for Defendant Robert Roscigno*

Liquidia Technologies, Inc.
c/o Corporation Service Company
2626 Glenwood Ave., Ste 550
Raleigh, NC 27608

Sanya Sukduang
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
*Attorneys for Defendant Liquidia Technologies, Inc. in Delaware Litigation*

This the 10th day of January, 2022.

        SMITH, ANDERSON, BLOUNT, DORSETT,
        MITCHELL & JERNIGAN, L.L.P.

         /s/ Christopher G. Smith
         Christopher G. Smith
         North Carolina State Bar No. 22767
         Post Office Box 2611
         Raleigh, North Carolina 27602-2611
         Telephone: (919) 821-1220
         Facsimile: (919) 821-6800
         Email: csmith@smithlaw.com
         *Attorneys for Plaintiff*